# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

LASCHAWNDA SHARPE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. TDC-19-1607

## MEMORANDUM OPINION

Plaintiff LaSchawnda Sharpe, a resident of Greenbelt, Maryland, filed a civil suit in the District Court of Maryland for Prince George's County in connection with a March 7, 2017 traffic incident during which her car was hit by a vehicle operated by a United States Park Police ("USPP") employee. Sharpe has asserted claims against the United States of America ("the Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401-02, 2671-80 (2018). Presently pending before this Court is the Government's Motion to Dismiss. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

In her Complaint, Sharpe asserts that on March 7, 2017, Valerie Ann Streiff, a USPP agent, ran a red light and hit Sharpe's vehicle at the intersection of Greenbelt Road and Kenilworth Avenue in Greenbelt, Maryland. Sharpe was taken to a hospital by ambulance and sustained "serious physical injuries to her head and her right knee." Compl. ¶ 8, ECF No. 1-2. Sharpe also

incurred repair and rental car expenses due to the damage to her vehicle. There is no dispute that Streiff was acting within the scope of her employment with USPP at the time of the incident.

On February 20, 2018, attorney Lucas I. Dansie ("Dansie") of the law firm Dansie and Dansie, LLP wrote to the Office of the Solicitor of the National Park Service on his law firm's letterhead and advised that "this Law Office represents Las[c]hawnda Sharpe" in connection with the vehicle collision. Dansie Letter, Mot. Dismiss Ex. 1, ECF No. 14-2. The letter further stated:

> On March 7, 2017, your insured in marked vehicle TAG# G62-4182R ran a red light striking Ms. Sharpe's vehicle on the left side at the door post. She was seriously injured and her vehicle was badly damaged.
>
> Please be advised that the driver in your vehicle was at fault and please send payment in the amount of $22,500 to cover damages and injuries.

*Id.* Th Government asserts that the letter was received by the USPP on March 13, 2018.

On March 15, 2018, USPP Claims Specialist Peter A. Gentile sent Dansie a responsive letter requesting additional information in support of Sharpe's claims, including medical records, car repair invoices to be attached to a "fully completed claim form," and "a <u>copy of your authority to represent Ms. Sharpe</u> . . . consistent with 28 CFR § 14." Gentile Letter at 2, Mot. Dismiss Ex. 2, ECF No. 14-3. USPP received no written response to this request prior to the filing of Sharpe's lawsuit. According to Sharpe, after the exchange of letters in March 2018, Dansie was "in frequent contact" with Gentile. Opp'n Mot. Dismiss ("Opp'n") at 2, ECF No. 15. However, Gentile retired at the end of 2018, and Dansie's phone messages attempting to identify Gentile's successor were not answered.

On February 12, 2019, Sharpe filed her Complaint against the USPP and Streiff in the District Court of Maryland for Prince George's County asserting four causes of action: Negligence – Personal Injuries (Count I); Negligence – Property Damage (Count II); FTCA (Count III); and Negligent Hiring, Training, and Supervision (Count IV). Sharpe seeks $30,000 in

compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, and attorney's fees.

On May 9, 2019, almost three months after Sharpe's civil action was filed in state court, attorney William G. Dansie of Dansie and Dansie, LLP sent a letter to USPP asking how to expedite the processing of Sharpe's claim and advised that Sharpe's medical records had been obtained. The letter did not include the documentation requested in Gentile's March 15, 2018 letter.

On May 31, 2019, the USPP and Streiff removed the case to this Court. On June 20, 2019, the Court granted the Government's Consent Motion to substitute the United States as the defendant in this action.

## DISCUSSION

In its Motion, the Government asserts that Sharpe's Complaint should be dismissed for lack of subject matter jurisdiction because her FTCA claim was not properly presented to the USPP. Specifically, the Government argues that her claim was defective because her attorney failed to provide evidence of his authority to present an administrative claim on Sharpe's behalf.

**I.     Legal Standards**

The Government moves to dismiss Sharpe's FTCA claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and

"the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## II. FTCA

The Government argues that Sharpe's claim fails for lack of subject matter jurisdiction because she failed to meet the requirement that her claim be properly presented to the relevant federal agency. Under the FTCA, the United States is liable for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of [his or her] office or employment." 28 U.S.C. § 1346(b)(1). The FTCA represents a limited waiver of sovereign immunity to the extent that it "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). That waiver of sovereign immunity is conditioned on the claimant first having complied with the terms of the FTCA, including the filing of an administrative claim with the Government. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) (stating that the filing of an administrative complaint is a jurisdictional requirement). Specifically, the FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

To meet this requirement, a plaintiff must "first present[] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). A claim is properly presented if the Federal agency receives from a claimant, or the claimant's "duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . and the title or legal capacity of the person signing . . . accompanied by evidence of . . . authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.F.R. § 14.2(a) (2019). The submitted claim meets this requirement only if it: "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [the] claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). A plaintiff may not file suit in federal court until the administrative claim is "finally denied by the agency in writing and sent by certified or registered mail," or until six months have passed without the agency making "final disposition" of the claim. 28 U.S.C. § 2675(a).

### A. Claim Presentment

The Government argues that Sharpe failed to satisfy the FTCA's claim presentment requirements because Sharpe did not sign the February 20, 2018 letter herself, and her counsel never submitted extrinsic evidence of his authority to act on her behalf, despite having been notified by USPP in the March 15, 2018 letter that the claim was deficient in this respect. Sharpe asserts that the February 20, 2018 letter met the relevant requirements because it gave adequate notice of her claim and its value within the required two-year period, and it was submitted by her

5

attorney in her name and provided the name of her attorney's law firm. Sharpe also argues that equitable tolling of the deadline is appropriate because her counsel was "in frequent contact" with Gentile prior to his retirement but received no response to attempts to reach Gentile's replacement thereafter, and her counsel had "unusual difficulty" obtaining the requested medical records absent the use of subpoena power. Opp'n at 1-2.

The United States Court of Appeals for the Fourth Circuit has held that, consistent with the FTCA and applicable regulations, a personal injury claim presented to an administrative agency: (1) must be in writing using Standard Form 95 "or an equivalent"; (2) include a claim for money damages "in a sum certain"; (3) "if the claimant is represented, the representative's authorization must be demonstrated"; and (4) "these matters must be accomplished within two years of the incident." *Ahmed*, 30 F.3d at 517. Here, Dansie's February 20, 2018 letter satisfies the first, second, and fourth elements. Approximately one year after the incident, the USPP received the letter stating the March 7, 2017 collision date, briefly describing Sharpe's injuries and property damage, providing the license plate number for the vehicle that struck Sharpe's vehicle, and expressly stating the sum sought to cover Sharpe's damages. Particularly where the March 15, 2018 letter did not specifically direct Sharpe that she was required to file Standard Form 95, the Court will not find that the February 2018 letter cannot constitute the "equivalent" of such a form. *Id.* While succinct, the letter provided sufficient details of the incident, specifically the date and the license plate number of the USPP vehicle involved, to allow the USPP to determine the identity of the individual who was driving the USPP vehicle at the time of the incident and thus to "enable the agency to investigate" the claim. *Id.*

Thus, the only remaining question is as to the third element, specifically whether Sharpe was required to provide extrinsic evidence demonstrating that her attorney was authorized to

6

present her claim, beyond Dansie's explicit statement in the February 20, 2018 letter that his law office represented Sharpe in the relevant matter. The Government asserts that, under *Ahmed*, the FTCA requires extrinsic evidence of a representative's authority to assert a claim. In *Ahmed*, the Fourth Circuit affirmed the dismissal of an FTCA action for failure to satisfy the claim presentment requirement because the only administrative claim filed was submitted by the attorney for the plaintiffs' insurance company, who had lodged a subrogation claim with the United States Navy ("the Navy") for property damage only, and the attorney had never presented evidence to the Navy that he had authorization to represent the plaintiffs on their personal injury claim. 30 F.3d at 515-17.

However, another Judge in this District has examined the issue of extrinsic evidence of an attorney's authority for FTCA claim presentation and persuasively explained why *Ahmed* is distinguishable here. In *Burnett v. United States*, No. DKC 2005-1279, 2005 WL 8174688 (D. Md. Dec. 9, 2005), the Government primarily relied on *Ahmed* to argue that the district court lacked subject matter jurisdiction over a plaintiff's FTCA wrongful death action because, although her attorney signed an administrative claim form presented to the United States Department of Agriculture, he failed to provide extrinsic evidence of his authority to present the claim on the plaintiff's behalf. *Id.* at *1-3. In distinguishing *Ahmed*, the court in *Burnett* observed that the Fourth Circuit found that the insurer's attorney in *Ahmed* was never actually authorized to file the plaintiffs' personal injury claim. *Id.* at *3 (citing *Ahmed*, 30 F.3d at 517). Indeed, in *Ahmed*, the insurer's attorney had not even claimed to have authority to assert a personal injury claim on behalf of the plaintiffs, and the administrative claim form listed no sum certain for such a claim. 30 F.3d at 515-16. In contrast, because the *Burnett* plaintiff's claim form expressly stated that her attorney was acting on her behalf, it provided a sum certain for the claim, and there was no dispute regarding

7

the attorney's actual authority for the representation, the court in *Burnett* looked to the "long-standing legal presumption that an attorney has authority to act on behalf of the person he or she represents" and concluded that the administrative claim form sufficiently demonstrated the attorney's authority to represent the plaintiff and thus complied with the FTCA's claim presentment requirements. *Burnett*, 2005 WL 8174688 at *4 (citing *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 45 (4th Cir. 1968)).

This Court agrees with the reasoning of *Burnett*, which effectively finds that *Ahmed* does not require extrinsic evidence of an attorney's representation of a plaintiff on an FTCA claim to meet the requirement that "if the claimant is represented, the representative's authorization must be demonstrated." *Ahmed*, 30 F.3d at 517. As the court in *Burnett* stated, the FTCA "was never intended as a trap for the unwary claimant . . . [T]he purpose of 28 U.S.C. § 2675(a), is to provide notice to the relevant federal agency of claims, not to put up a barrier of technicalities to defeat their claims." *Burnett*, 2005 WL 8174688, at *4 (quoting *Munger v. United States*, 116 F. Supp. 2d 672, 676 (D. Md. 2000)). In *Graves v. United States Coast Guard*, 692 F.2d 71 (9th Cir. 1982), cited in *Burnett*, the court held that an FTCA claim signed by an attorney with the notation, "attorney for [the plaintiff]," without additional evidence of representation, was properly presented to the agency because "of the body of case law holding that the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's behalf." *Id.* at 74. The *Graves* court further noted that its conclusion was consistent with the language of the relevant FTCA regulation, which "explicitly recognizes the presence of legal representatives as signatories but does not list them in the group requiring evidence of authority to present a claim." *Id.*

Such a distinction makes sense because, as the case law cited in *Burnett* illustrates, 2005 WL 8174688, at *4, the law typically accepts attorneys' representations that they have the authority to act on behalf of their clients without the need to furnish further proof. *See, e.g.*, *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 45 (4th Cir. 1968) (recognizing the "strong" presumption that "an attorney who enters a general appearance has his client's authorization"); *Daniels v. Thomas & Betts Corp.* 263 F.3d 66, 77-78 (3d Cir. 2001) (noting that "[t]he law has traditionally accepted" attorneys' statements of authority to represent a client "in the absence of reason to question them"); *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1072 (6th Cir. 1994) (noting that there is "a long history of authority recognizing that attorneys generally have the authority to act on their clients' behalf without written authorization"). Indeed, Federal Rule of Civil Procedure 11 "authorizes attorneys to sign pleadings on behalf of clients and provides that such signature constitutes a certificate that there is good ground to support the pleading." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 777 n.3 (9th Cir. 1984) (referencing Rule 11 in questioning whether the FTCA regulations require extrinsic evidence of an attorney's representation); *cf.* D. Md. Local R. 101.1(a) (permitting attorneys to appear as counsel without referencing any requirement for extrinsic evidence of the client's retention of the attorney). Where the law does not typically require attorneys to submit affidavits from clients or copies of retainer agreements in order to represent a client in litigation, the Court finds that an attorney's written statement is sufficient evidence to demonstrate authorization to file an FTCA claim.

Here, as in *Burnett*, Dansie specifically informed the USPP, in his February 20, 2018 letter on law firm letterhead, that he was acting as Sharpe's legal representative for purposes of the administrative claim. The Government does not argue that Dansie did not actually have authority to represent Sharpe. Where *Burnett* correctly concluded that *Ahmed* does not hold that extrinsic

evidence of an attorney's authorization to file an FTCA claim is required, and the Court agrees with the reasoning of *Graves* and the weight of case law that an attorney's statement of representation is sufficient evidence of authorization to act on the client's behalf, the Court finds that Dansie's authorization to file a claim on behalf of Sharpe was sufficiently "demonstrated" by the statement in the February 20, 2018 letter. *Ahmed*, 30 F.3d at 517. Therefore, where Sharpe satisfied the FTCA requirements to present her claim for personal injury and property damage to the USPP, and the Government does not assert that her claim was untimely, the Court will deny the Government's Motion. The Court need not address the parties' arguments as to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss will be DENIED. A separate Order shall issue.


Date: March 30, 2020                         /s/ *Theodore D. Chuang*
                                             THEODORE D. CHUANG
                                             United States District Judge